COZEN O'CONNOR
Abby Sher, Esq.
Attorney I.D. 011012010
1900 Market Street
Philadelphia, PA 19103
(215) 665-2761
Attorneys for Defendant
ACE AMERICAN INSURANCE COMPANY

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| RICHARD WILKOWSKI and<br>JERSEY HOOKERS CHARTERS, LLC,<br><br>               Plaintiffs,<br><br>vs.<br><br>ACE AMERICAN INSURANCE COMPANY, JOHN DOES and JANE DOES<br><br>               Defendants. | Case No. _____ |

## NOTICE OF REMOVAL

Defendant ACE AMERICAN INSURANCE COMPANY (hereinafter referred to as "ACE"), by its attorneys COZEN O'CONNOR, respectfully files this Notice of Removal pursuant to 28 U.S.C. § 1441(a), and in support thereof states the following:

1. On or about July 29, 2013, plaintiffs RICHARD WILKOWSKI and JERSEY HOOKERS CHARTERS, LLC commenced an action against ACE by filing a Summons and Complaint in the Superior Court of New Jersey, Law Division, Ocean County, Docket No. SOM-L-2124-13 (the "State Court Action").

2. On or about August 15, 2013, ACE was served with the Summons and Complaint filed in the State Court Action. A true and correct copy of plaintiffs' Summons and Complaint is

attached hereto as Exhibit "A", and, upon information and belief, constitutes all process, pleadings, and orders filed in the State Court Action.

3. The Complaint asserts ACE issued Policy No. YKK Y08547518 which was in force at the time of the alleged incident.  The Complaint alleges that plaintiffs are the named insureds on the Policy and that the vessel covered under the Policy is a 1989, '43, Egg Harbor, Golden Egg Sedan, EGH431488999, more commonly known as the Motor Vessel "Jersey Hooker" (hereinafter referred to as the "Vessel").  The Complaint alleges that the Vessel sustained damage on or after October 31, 2012 as a result of Superstorm "Sandy."  The Complaint further alleges that the Vessel's damages are covered under the ACE policy and that ACE has not paid the claim in full.

4. In particular, plaintiffs allege various causes of action.  The first cause of action is asserted by plaintiffs against ACE and is described as a claim for first party coverage.  The claim alleges that ACE has not honored its obligations under the Policy and seeks damages in the amount not less than $15,000.

5. The second cause of action seeks compensatory and punitive damages and alleges that ACE breached its duty of good faith and violated the unfair methods of competition and unfair deceptive practices pursuant to N.J.S.A. 17:20-9B-1.  Plaintiffs allege that while New Jersey law does not yet recognize a private right of action under this statute, they should be permitted to pursue such claims as a result of Superstorm "Sandy."

6. The third cause of action seeks to recover compensatory and punitive damages based on "consumer fraud and other statutory relief."  Plaintiffs allege that ACE's conduct in refusing to pay for the loss was an effort to "leverage settlement" in violation of federal and state consumer fraud statutes and regulations and other statutes protecting New Jersey citizens.

7. The fourth cause of action seeks to recover compensatory and punitive damages and is described as a claim for "unconscionable business practices, retaliation."

8. The District of New Jersey has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.

9. Plaintiff RICHARD WILKOWSKI is an individual who resides in or around Ocean County, New Jersey.

10. Plaintiff JERSEY HOOKERS CHARTERS LLC is an entity domiciled in the State of New Jersey.

11. Defendant ACE AMERICAN INSURANCE COMPANY is a Pennsylvania corporation with a principal place of business located at 436 Walnut Street, Philadelphia, PA 19106.

12. All parties to this litigation are citizens of different states.

13. Plaintiffs seek $15,000 in damages in accordance with plaintiffs' proofs, plus compensatory, consequential and punitive damages in an unspecified amount, and costs and attorneys' fees as a result of ACE's alleged breaches. Upon information and belief, if plaintiffs are successful in establishing their cause(s) of action against ACE, which is denied, plaintiffs may be able to collect damages which exceed seventy-five thousand dollars ($75,000.00), exclusive of interest and costs. *See Nautilus Ins. Co. v. Triple C Contr., Inc., 2011 U.S. Dist. LEXIS 1211* (D.N.J. Jan. 6, 2011) (holding complaint seeking an unspecified amount of punitive damages satisfies amount in controversy requirement for diversity jurisdiction).

14. There may be admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333 in that the subject matter of this dispute involves an ocean-going vessel regularly operating in the navigable waters of the United States. Plaintiffs allege that the Vessel suffered damages which should be covered under a marine policy of insurance. ACE has valid and reasonable defenses to

coverage, including but not limited to "wear and tear", "gradual deterioration" and "breach of the insured's duty to assist and cooperate with underwriters." These terms and conditions have particular relevance to and are interpreted under the general maritime law of the United States. *See Northern Assur. Co. of America v. Keefe,* 845 F.Supp.2d 406, 412 (D.Mass. 2012); *Lloyd's of London v. Pagan-Sanchez,* 539 F.3d 19, 24, fn. 5 (1st Cir. 2008); *Central Int'l. Co. v. Kemper National Ins. Co.,* 202 F.3d 372, 372 (1st Cir. 2000) ("Suits on maritime insurance policies are classic examples of matters within federal maritime jurisdiction."); *McAllister Brothers, Inc. v. Ocean Marine Indemnity Co.*, 742 F.Supp. 70 (S.D.N.Y. 1984) (dispute involving marine insurance was within the original admiralty jurisdiction of federal courts and could be removed from state court); *Monarch Industrial Corp. v. Am. Motorists Ins. Co.,* 276 F.Supp. 972 (S.D.N.Y. 1967) (suit against marine cargo insurer was properly removed to federal court).

15. In explaining its basis for subject matter jurisdiction, ACE does not waive anything in the filing of this Notice of Removal and specifically reserves its right to assert any defense, limitation, exclusion, warranty, exception or argument as set forth in the subject policy of insurance pursuant to federal common law and New Jersey state law.

16. The District of New Jersey, Trenton Vicinage embraces the place where the State Court Action is pending.

17. This Notice of Removal is being filed with this Court within thirty (30) days after ACE first received, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which the State Court Action is based.

18. Because district courts have original jurisdiction over civil actions between citizens of different states and in which the matter in controversy exceeds the value of $75,000 exclusive of interest and costs, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. In addition, this Honorable Court may have jurisdiction pursuant to 28 U.S.C. § 1333.

19. ACE, upon filing of this Notice of Removal, will, as required by 28 U.S.C. § 1446(d), file a copy of the Notice of Removal with the Clerk of the Superior Court of State of New Jersey, Law Division, Ocean County, and will serve a copy of same upon plaintiffs.

WHEREFORE, defendant ACE AMERICAN INSURANCE COMPANY respectfully submits that this Notice of Removal complies with the statutory requirements and respectfully requests that the action now pending against it be removed from the Superior Court of State of New Jersey, Law Division, Ocean County to this Honorable Court, that this action proceed in this Court as a properly removed action, and that defendant is entitled to such other and further relief as justice requires.

## CERTIFICATION PURSUANT TO L. Civ. R. 11.2

Pursuant to Local Civil Rule 11.2, the undersigned certifies that, to the best of her knowledge, the within matter in controversy is not the subject of any other action pending in any other Court or of a pending arbitration proceeding, except the state court action previously pending in the New Jersey Superior Court which is the subject of this Notice of Removal, nor is any action or arbitration proceeding contemplated nor are the parties required to be joined in this action.

Respectfully submitted,

   /s/ Abby Sher   
COZEN O'CONNOR
Abby Sher, Esq.
Attorney I.D. 01101-2010
1900 Market Street
Philadelphia, PA 19103
*Attorney for Defendant*
*ACE American Insurance Company*

Dated:  September 10, 2013

COZEN O'CONNOR
Abby Sher, Esq.
Attorney I.D. 011012010
1900 Market Street
Philadelphia, PA 19103
(215) 665-2761
Attorneys for Defendant
ACE AMERICAN INSURANCE COMPANY

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD WILKOWSKI and <br> JERSEY HOOKERS CHARTERS, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> ACE AMERICAN INSURANCE COMPANY, JOHN DOES and JANE DOES <br><br> Defendants. | Case No. _____ |

## CERTIFICATE OF SERVICE OF DEFENDANT'S NOTICE OF REMOVAL

I, Abby J. Sher, hereby certify and state that on the 10th day of September, 2013, I caused a copy of Defendant's Notice of Removal to be served upon the Ocean County Superior Court, Law Division, via United States mail, and counsel for Plaintiffs, via United States mail, at:

Steven R. Irwin, Esq.
The Irwin Law Firm, P.A.
80 Main Street
Suite 410
West Orange, New Jersey  07052

/s Abby J. Sher, Esquire

Dated:  September 10, 2013